UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON SAMUEL JAMES SINGLETON PERKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00025-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 12) |

Plaintiff Devon Samuel James Singleton Perkins is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action January 7, 2021.

On February 10, 2021, the Court screened Plaintiff's complaint, found that no cognizable claims were stated, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.)

Plaintiff filed a first amended complaint on March 18, 2021. (ECF No. 9.)

On April 30, 2021, the Court screened the first amended complaint, found no cognizable claims were stated, and granted Plaintiff one final opportunity to file a second amended complaint within thirty days. (ECF No. 11.)

///

///

///

1

| | |
|---|---|
| 1 | Plaintiff failed to file a second amended complaint. Therefore, on June 9, 2021, the Court |
| 2 | ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF |
| 3 | No. 12.) Plaintiff has failed to respond to the order to show cause or otherwise communicated with the |
| 4 | Court and the time to do so has now passed. Accordingly, dismissal is warranted. |

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Shortly after the Kern Valley State Prison (KVSP) memorandum on COVID-19 operational guidelines, Plaintiff began requesting cleaning supplies, such as face masks, etc.

Immediately after Plaintiff filed an inmate grievance, officer Dean began telling other inmates that Plaintiff was causing trouble and would be the reason their privileges would be temporarily suspended.

On March 6, 2021, Plaintiff was beaten by 21 officers while he was in body restraints.

Officers Figueroa and Prieto targeted Plaintiff by searching his cell and reading documents.

Plaintiff was rehoused in the administrative segregation unit at KVSP for battery on a peace officer when it was the officers who battered Plaintiff.

## III.

## DISCUSSION

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Here, Plaintiff contends that after he filed a grievance, officer Dean began telling other inmates that Plaintiff was causing trouble and he would be the reason their privileges were suspended. However, Plaintiff's allegations are insufficient to demonstrate any "adverse action." In addition,

Plaintiff's conclusory allegation that he was targeted by officers Figueroa and Prieto and his cell was searched in which documents were read is insufficient to demonstrate retaliatory action because Plaintiff filed a grievance or that their actions did not serve a legitimate penological purpose. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff contends that he was beaten up by 21 officers. However, Plaintiff fails to identify and link any individual to an affirmative act or omission giving rise to his claim of excessive force. Plaintiff fails to set forth all of the factual circumstances surrounding the alleged use of excessive force. Plaintiff's allegations fail to demonstrate that any Defendant used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by the officers for their actions, whether the officers engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive. The facts as alleged fail to give rise to a plausible inference that the actions of officers were malicious and sadistic for the purpose of causing harm to Plaintiff. Accordingly, Plaintiff fails to state a cognizable claim for excessive force.

///

4

# IV.

# FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on April 30, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file a second amended complaint within thirty days. (ECF No. 11.) Plaintiff did not file a second amended complaint or otherwise respond to the Court's April 30, 2021 order. Therefore, on June 9, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 12.) Plaintiff failed to respond to the June 9, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and

are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of April 30, 2021 and has not done so. Accordingly, the operative pleading is the March 18, 2021 first amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's April 30, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 11.) In addition, Plaintiff failed to respond to the Court's order to show cause why the action should not be dismissed. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

# V.

# CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the April 30, 2021 and June 9, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 6, 2021__

UNITED STATES MAGISTRATE JUDGE